IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DETERTORING SANDERS, )
IDOC # B58742, )
 )
      Plaintiff, )
 )
vs. ) CIVIL NO. 11-331-GPM
 )
MICHAEL REEDER, et al., )
 )
      Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Detertoring Sanders, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of ten years' imprisonment at the Shawnee Correctional Center ("Shawnee") as an armed habitual criminal, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Sanders's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Sanders's pro se complaint and the documentation submitted by Sanders in support thereof, on February 3, 2011, Defendant Michael Reeder, a correctional officer at Shawnee, was contacted by mail room staff at Shawnee regarding an outgoing manila envelope that mail room staff regarded as suspicious. The envelope was marked "legal mail" and was addressed to "Office of Attorney at Law, Detertorian Dink Sanders Jr, 231 Crossing Drive Suite 1, Normal, Illinois 61761." Doc. 1-1 at 14. The return address listed on the envelope was "Mr. Detertoring Sanders Sr, ID # B58742, 4-B-77, Shawnee Correctional Center, 6665 State Route 146 East, Vienna, Illinois 62995." *Id*. The fact that the sender of the letter was "Sanders Sr.," while the addressee was "Sanders Jr.," made mail room staff suspicious about whether the envelope in fact contained legal mail. Reeder opened the envelope, which, according to the allegations of Sanders's complaint, was not sealed, and found that it contained not legal mail but a letter from

Sanders to his son. In the letter, Sanders claimed to be in disciplinary segregation at Shawnee "for arguing with one of these bootlick white supremacy [correctional officers]." Doc. 1-1 at 15. Reeder wrote Sanders a disciplinary ticket for the offenses of insolence and abuse of privileges. Defendant Lt. Swalls, a correctional officer, escorted Sanders to the segregation unit at Shawnee, where Sanders was held pending an adjustment committee hearing on the disciplinary charges against him. On February 6, 2011, Sanders appeared before an adjustment committee at Shawnee consisting of Defendants Lt. Quigley and C/O Marvin, who sentenced Sanders to two months' demotion to disciplinary grade C. Sanders alleges a violation of his First Amendment rights in connection with the February 3 incident concerning his mail. Also, Sanders alleges that, although the disciplinary sentence he received in connection with the February 3 incident consisted, as noted, only of two months' demotion to C grade, he was wrongfully kept in segregation at Shawnee from February 4, 2011, until March 2, 2011. Named as Defendants in the case, in addition to Reeder, Swalls, Quigley, and Marvin, are Lt. Berkley and C/O Johnson, who presumably are correctional officers at Shawnee, Robert Walker, the warden of Shawnee, and the Mail Room at Shawnee. Sanders seeks damages of $100 per day for each of the twenty-seven days that he allegedly was wrongfully held in segregation and transfer to a medium-security IDOC facility near Chicago, where Sanders's family resides.

The Court notes as an initial matter that the Mail Room at Shawnee is not a "person" capable of being sued under 42 U.S.C. § 1983. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (a prison mail room is not a suable entity); *Hamburg v. Marion County Jail*, Civil No. 11-73-GPM, 2011 WL 334276, at *2 (S.D. Ill. Jan. 29, 2011) (a prison building cannot be sued under Section 1983) (collecting cases). Also, Sanders's complaint

is devoid of specific allegations linking Berkley, Johnson, and Walker to violations of Sanders's constitutional rights. However, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Correspondingly, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). Said differently, a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Sanders has not stated a claim against the Mail Room, Berkley, Johnson, and Walker.

The Court turns next to Sanders's claim for wrongful interference with his mail. In general, prisoners have a constitutionally-protected interest in their mail, including legal mail, under the First Amendment and the Fourteenth Amendment. *See, e.g., Thornburgh v. Abbott*, 490 U.S. 401, 406-07 (1989); *Turner v. Safley*, 482 U.S. 78, 83-84 (1987); *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Thus, repeated instances of opening a prisoner's legal mail outside his or her presence are actionable. *See, e.g., Antonelli v. Sheahan*, 81

F.3d 1422, 1431-32 (7th Cir. 1996) (a prisoner's allegations that his legal mail was opened repeatedly and sometimes stolen stated a First Amendment claim). By contrast, isolated instances of mail disruption or theft of reading material do not suffice to establish a constitutional violation. *See Sizemore v. Williford*, 829 F.2d 608, 610-11 (7th Cir. 1987); *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987). Here, of course, Sanders alleges only a single instance of interference with his mail. Moreover, as Sanders admits, the letter that Reeder read was not legal mail, and thus privileged, but a letter from Sanders to his son concerning Black History Month. Under IDOC regulations, IDOC personnel are authorized to spot-check and read a prisoner's outgoing, non-legal mail. *See* Ill. Admin. Code tit. 20, § 525.130(h); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (citing *Smith v. Shimp*, 562 F.2d 423 (7th Cir. 1977)); *Arnett v. Markel*, 845 N.E.2d 752, 760 (Ill. App. Ct. 2006). Finally, as a rule, a plaintiff convicted or sentenced for an offense may not bring an action for damages under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* extends to disciplinary sentences imposed on prisoners for infractions of prison rules. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996). In this case, a finding by the Court that IDOC personnel violated Sanders's constitutional rights in connection with the incident on February 3, 2011, involving Sanders's mail would necessarily imply the invalidity of the disciplinary sentence Sanders received as a result of the incident, a sentence that Sanders does not allege has been expunged. Accordingly, Sanders's claim based on interference with his prison mail is barred by *Heck*.

The Court turns last to Sanders's claim that he was wrongfully held in segregation, a claim that the Court construes as being brought under the due process clause of the Fourteenth Amendment. The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Shango v. Jurich*, 681 F.2d 1091, 1097 (7th Cir. 1982); *Westefer v. Snyder*, 725 F. Supp. 2d 735, 742-43 (S.D. Ill. 2010) (collecting cases). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the [prisoner] in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Seventh Circuit has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not implicate due process. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases). *See also Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (ninety days in disciplinary segregation did not violate due process); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (sixty days in disciplinary segregation did not violate due process); *Thomas*, 130 F.3d at 760-62 (seventy days in disciplinary segregation did not violate due process); *Terrell v. Godinez*, 966 F. Supp. 679, 683 (N.D. Ill. 1997) (sixty days in disciplinary segregation did not violate due process). Moreover, in the Seventh Circuit, a prisoner in disciplinary segregation at

a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than conditions of confinement in administrative segregation at the most secure prison in that state. *See Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Here Sanders claims to have spent twenty-seven days in segregation without justification, and nothing in Sanders's complaint suggests that conditions in segregation during that twenty-seven day period imposed atypical and significant hardship on Sanders in relation to the ordinary incidents of prison life. Sanders has failed to state a claim for a violation of his right to due process.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Sanders's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Sanders is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: May 7, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge